UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| THOMAS L. DAVIS, | ) |
| Petitioner, | ) Case No. 1:10-cv-1289 |
| v. | ) Honorable Paul L. Maloney |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) **ORDER OF DISMISSAL** |

This is a habeas corpus proceeding brought by a federal prisoner, purportedly pursuant to 28 U.S.C. § 2241. According to the records of the Federal Bureau of Prisons, petitioner is an inmate in the United States Penitentiary-Tucson, serving a federal sentence, with a release date in the year 2017. The *pro se* petition allegedly challenges an "illegal state sentence," presumably imposed at some time in the past by the Michigan state courts. Beyond that, the two-page, handwritten petition is completely incomprehensible. Petitioner does not identify the state sentence under attack or allege grounds for its constitutional invalidity. For relief, petitioner seeks a writ of habeas corpus under section 2241 and an order requiring his transfer from the Bureau of Prisons to a place in Grand Rapids, Michigan, on house arrest.

Although the petition is brought pursuant to 28 U.S.C. § 2241, the court has discretion to apply the procedures set forth in the Rules Governing Section 2254 Cases. *See* Rule 1(b), RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS. Under the section 2254 rules, the court may summarily dismiss a petition if it plainly appears from the face of

the petition that petitioner is not entitled to relief. Petitioner is clearly entitled to no relief in this court on his section 2241 petition.

The statute under which petitioner proceeds, 28 U.S.C. § 2241, empowers the district courts to entertain an application for writ of habeas corpus "within their respective jurisdictions." The federal habeas statute goes on to provide in clear fashion that the proper respondent to a habeas petition is the "person who has custody over [the petitioner]." 28 U.S.C. § 2242; *see also* § 2243 ("The writ or order to show cause shall be directed to the person having custody of the person detained."). These provisions contemplate a proceeding against some person who has the "immediate custody" of the party detained, with the power to produce the body of such person before the court. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Hence, the proper respondent is the warden of the facility where the prisoner is being held, *id.*, and the only proper court is the court with territorial jurisdiction over the custodian. *Id.* at 442. Consequently, this court has no jurisdiction to entertain a section 2241 application brought by a prisoner of the Bureau of Prisons lodged in the State of Arizona. *Rumsfeld*, 542 U.S. at 443 ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); *Wright v. U.S. Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977).

Under the foregoing authorities, this is not the appropriate district court in which petitioner may seek section 2241 relief. Accordingly:

IT IS ORDERED that the petition be and hereby is DISMISSED without prejudice.


Dated: July 29, 2011                         /s/   Paul L. Maloney
                                            Paul L. Maloney
                                            Chief United States District Judge